UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRISTOL WEST INSURANCE COMPANY,
A Pennsylvania Corportation,

    Plaintiff,         Case No. 06-14158

vs.

                 HONORABLE PAUL D. BORMAN
                 HONORABLE STEVEN D. PEPE

FODIOS TZORTZINIS AND DANA MCGUIRE

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT (DKT # 14)

On March 9, 2007, Plaintiff filed its motion for leave to file its Amended Complaint. Plaintiff's motion was referred for hearing and determination pursuant to 28 U.S.C. 636 (B)(1)(a) on March 29, 2007 (Dkt. #15). Defendants have failed to file any response to Plaintiff's motion to amend. Following a review of Plaintiff's brief and for the reasons stated below, IT IS **ORDERED** that Plaintiff's motion is **GRANTED.**

This case is an insurance declaratory judgment action arising out of a car accident. At the time of the accident, Defendant Tzortzinis was allegedly in the process of delivering pizzas for his employer. The insurance policy at issue excluded coverage for pizza deliveries, as set forth in Plaintiff's original Complaint.[1] An Amended Default Judgement was entered against Defendant Tzortzinis on March 2, 2007 (Dkt. #13). On February 13, 2007, Plaintiff took the deposition of the employer for whom Defendant Tzortzinis was making a pizza delivery at the

---

[1] Plaintiff avers that Defendant McGuire, the tort victim, will take the position that the exclusion cannot be enforced because it violates the Michigan No Fault Act.

time of the accident. The employer testified that Defendant Tzortzinis started working for him as early as November 5, 2005 (Dkt. #14, Ex. 1). On November 23, 2005, Defendant Tzortzinis executed an application for insurance in which he indicated that the vehicle insured would not be used for pizza deliveries (Dkt. #14, Ex. 2). Plaintiff contends that the newly discovered evidence of February 13, 2007, would confirm that a misrepresentation was made. Therefore, Plaintiff requests leave to amend its complaint to add a Count II, for "recision of any coverage in excess of $20,000/$40,000."

Absent consent of a party, Plaintiff may amend its pleading only by leave of court. Such leave is generally given liberally. *See e.g.*, *Adkins v. International Union of Electrical, Radio & Machine Workers,* 769 F.2d 330 (6th Cir.1985); *McGlinchy v. Shell Chem. Co.,* 845 F.2d 802 (9th Cir.1988). As the Supreme Court has stated:

> In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be "freely given."

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962).

Defendants have not alleged bad faith or dilatory motive in their response. On the contrary, Defendants have asserted no objection to Plaintiff's motion. Moreover, Defendants will suffer no prejudice if leave is granted. The Court's March 1, 2007, scheduling order specifically accounted for the possibility that an amended complaint may be filed (Dkt. #12).

Fed.R.Civ.P.15(a) requires that leave be granted "when justice so requires." Because Defendants have failed to file any objection to Plaintiff's motion to amend and there is no apparent reason to deny Plaintiff's request, Plaintiff's motion is **GRANTED.** The parties to this

action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections

**SO ORDERED**.

Dated: May 25, 2007                 s/Steven D. Pepe
Ann Arbor, Michigan             United States Magistrate Judge

CERTIFICATE OF SERVICE

     I hereby certify that on May 25, 2007, I electronically filed the foregoing paper with the Clerk Court using the ECF system which will send electronic notification to the following: Lawrence S. Katkowsky, Hans H.J. Pijls, Mark A. Pitchford, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants :not applicable.

                                            s/ James P. Peltier
                                            James P. Peltier
                                            Courtroom Deputy Clerk
                                            U.S. District Court
                                            600 Church St.
                                            Flint, MI 48502
                                            810-341-7850
                                            pete_peltier@mied.uscourts.gov