UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRISTOL WEST INSURANCE CO.,

        Plaintiff,                        CASE NO. 06-CV-14158

-vs-                                      PAUL D. BORMAN
                                          UNITED STATES DISTRICT JUDGE

FODIOS TZORTINIS, et al.,

        Defendants.
_____/

**OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is Plaintiff Bristol West Insurance Company's ("Plaintiff") May 30, 2007 Motion for Summary Judgment (Doc. No. 19). Defendant Dana McGuire filed his Response on July 3, 2007. The Court held a motion hearing on October 25, 2007. For the following reasons, the Court grants Plaintiff's Motion for Summary Judgment.

**I.    BACKGROUND**

This diversity case arises out of a car accident between the insured, Defendant Fodios Tzortzinis, and Defendant Dana McGuire. Both Defendants are residents of Lenawee County, Michigan where the accident occurred. (Am. Compl. ¶¶ 2-3).

Plaintiff is a Pennsylvania corporation with its principal place of business in Florida. (*Id.* ¶ 1). Plaintiff brought this action seeking a declaratory judgment from the Court that the business exclusion in Tzortzinis' insurance policy is valid under Michigan law.

Tzortzinis applied for insurance with Plaintiff on November 23, 2005. (Plf's Br. Ex. 4, Insurance Application). He represented to the insurance company at that time that "the car [would] not be used for commercial purposes, including delivery of pizza." (*Id.*; Plf's Br. Ex 1, Tzortzinis

Dep. at 28).

Tzortzinis began working for Ollie's Pizza as early as late October but no later than November 5, 2005. (Tzortzinis Dep. at 9; Plf's Br. Ex. 2, Moyle Dep. at 17; Plf's Br. Ex. 3, Employment Application). He was hired by Ollie's Pizza as a driver, but all employees were expected to cook and bus tables. (Tzortzinis Dep. at 9; Moyle Dep. at 15). While working at Ollie's Pizza, Tzortzinis primarily used his Pontiac Grand Prix for deliveries. (Tzortzinis Dep. at 12, 21, 27). Tzortzinis also used other people's cars for deliveries. (Tzortzinis at 12, 34-37).

On May 3, 2006, Tzortzinis went to Ollie's Pizza. (Tzortzinis Dep. at 14). The owner of Ollie's testified that Tzortzinis was not scheduled to work on that date. (Moyle Dep. at 33-34). However, Tzortzinis testified that although he did not appear on the work schedule, he anticipated he was to be paid hourly by Ollie's Pizza on May 3, 2007, receive $1.50 per delivery and also keep the customary any tips he received from those deliveries. (*Id.* at 17; Moyle Dep. at 34, 40; Plf's Br. Ex. 7, Tricia Smith Aff. ¶7).

On May 3, 2007, Tzortzinis went to Tricia Smith's residence to deliver a pizza. (Tzortzinis Dep. at 16; Plf's Br. Ex 6, Delivery Schedule; Smith Aff. ¶¶ 4-5). On his way to make that delivery, Tzortzinis got into an accident with McGuire, which resulted in this action. (Tzortzinis Dep. at 14, 16).

Plaintiff filed this action on September 21, 2007, seeking a declaratory judgment that it has no duty to defend or indemnify Tzortzinis for his residual liability to McGuire. On March 2, 2007, the Court issued a default declaratory judgment against Tzortzinis after he failed to make an appearance in this action. (Doc. No. 13). On May 25, 2007, Plaintiff was granted leave to file an Amended Complaint which is also seeking an alternative declaration that "Mr. Tzortzinis' material

2

misrepresentation in the application entitles Plaintiff Bristol West to reform the policy limits to $20,000 per person and $40,000 per accident, and to rescind any limits in excess thereof." (Doc. No. 18).

Plaintiff filed this Motion for Summary Judgment on May 30, 2007. Plaintiff argues summary judgment is appropriate where the business-use exclusion in the insurance policy is a valid exclusion under Michigan law. Alternatively, Plaintiff argues summary judgment is appropriate even if the business-use exclusion is not valid under Michigan law, because the invalidity pertains only to the statutory minimum policy limit and not to any excess amount. Finally, Plaintiff avers summary judgment is appropriate where Defendant made a material misrepresentation in his application for insurance regarding the business use of his vehicle, and therefore, any excess coverage beyond the minimum limit is void.

**II.     ANALYSIS**

**A.     Standard of Review**

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits,

> if any," which it believes demonstrate the absence of a genuine issue
> of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

B.    **Business-use Exception**

Plaintiff contends that the business exclusion in Tzortzinis' insurance policy is a valid exclusion and bars recovery.[1] The pertinent section of the policy states:

> Exclusions
>
> A.    We do not provide Liability Coverage for any "insured":
>
> . . . .
>
> 5.    For that "insured's" liability arising out of the ownership or operation of a vehicle while it is being used to carry persons or property for compensation or fee, including, but not limited to, delivery of magazines, newspapers and food. This exclusion (A.5) does not apply to a share-the expense car pool.

(Plf's Br. Ex. 8, Insurance Policy Excerpts at 2). McGuire responds that there remains a genuine issue of material fact regarding whether this policy applies to Tzortzinis because Plaintiff has not shown he was paid for that delivery.

The Court finds no merit in Plaintiff's contention. It is clear from Tzortzinis' deposition testimony that he believed he was on the schedule to work on May 3, 2007. (Tzortzinis Dep. at 15). Further, the owner of the business expected to pay him for his time, compensate him for the delivery, and also expected him to keep any tips he received for his work. (Moyle Dep. at 34, 40). Mrs. Smith testified that had the accident not occurred she would have given Tzortzinis a tip for the delivery. (Smith Aff. ¶ 7). Therefore, there is no genuine issue of material fact regarding whether Tzortzinis was in the process of operating his vehicle to delivery food for compensation at the time of the accident.

---

[1] McGuire argues that there has been no evidence that the insurance policy in effect at the time of the accident included the business exclusion at issue. However, this argument was based upon a misreading of the date on the "Notice to Policyholder," giving rise to the belief that the policy dated from after the time of accident. (Am. Compl. Ex. A at 6). Therefore, this Court declines to address the argument.

McGuire further argues the business exclusion is invalid because it is against public policy.

Michigan law requires a resident motorist to maintain a no-fault policy which must include certain mandated elements. *Cohen v. Auto Club Ins. Ass'n*, 463 Mich. 525, 531 (2001) (citation omitted); Mich. Comp. Laws. § 500.3101. Among those mandated elements is residual liability insurance:

> Michigan's no-fault act requires the *owner* or *registrant* of a motor vehicle to purchase an automobile insurance policy that provides among other coverage "residual liability insurance." The residual liability insurance required by the no-fault act must afford coverage for enumerated types of loss caused by or arising from the "*use* of a motor vehicle." The obligation to insure against liability arising from *use* of a motor vehicle is also expressed in 3009(1), which describes the amount of residual coverage required for losses "arising out of the ownership, maintenance, or *use* of a motor vehicle."

*Citizens Ins. Co. of Am. v. Federated Mut. Ins. Co.*, 448 Mich. 225, 227 (1995) (internal citations omitted) (emphasis in original). However, "a policy exclusion that conflicts with the mandatory coverage requirements of the no-fault act is void as contrary to public policy." *Cohen*, 463 Mich. at 531 (citation omitted).

The Essential Insurance Act, Mich. Comp. Laws § 500.2101 *et seq.*, "specifically permits insurers to limit coverage on the basis of business use." *Husted v. Auto-Owners Ins. Co.*, 459 Mich. 500, 506 (1999). Section 500.2118(2)(f) states:

> (2) The underwriting rules which an insurer may establish for automobile insurance shall be based only on the following:
>
> . . . .
>
> (f) Use of a vehicle insured or to be insured for transportation of passengers for hire, for rental purposes, or for commercial purposes.

"In this provision, the Legislature specifically permits insurance companies, in the course of underwriting, to base an exclusion from coverage on business use." *Husted*, 459 Mich. at 506.

McGuire argues that because the business exclusion included in Tzortzinis' policy would preclude coverage for this accident, and the Michigan No-Fault insurance requires that residual liability for bodily injuries or death be for an amount not less than $20,000 per person or $40,000 per accident, this business exclusion is void. Mich. Comp. Laws. § 500.3009. McGuire fails, however, to cite any legal authority to support his position.

Plaintiff contends the business-use exclusion is valid under Michigan law and has been upheld in recent decisions; *see Amerisure Ins. Co. v. Graff*, 257 Mich. App. 585 (2003), *rev'd in part on other grounds*, 469 Mich. 1003 (2004); *Husted v. Auto-Owners Ins. Co.*, 459 Mich. 500 (1999); and *Amerisure Mut. Ins. Co. v. Farmers Ins. Exch.*, Nos. 243085, 243105, 2004 WL 953146 (Mich. Ct. App. May 4, 2004) (unpublished).

In *Amerisure*, the Michigan Court of Appeals held that the contract language "to carry passengers or property for consideration express or implied" in a substitute vehicle agreement precluded coverage for a permissive user who was delivering pizza at the time of an accident. 257 Mich. App. at 592. The Michigan Court of Appeals noted that "[t]he rental agreement was a contract between the plaintiff and the defendant but because it provided insurance coverage, implicating Chrysler's insurance coverage, it was also, in a way, an insurance contract." *Id.* at 593. The court held "because [the fiancé] was hired for the purpose of delivering pizzas, his transportation of those pizzas was for consideration." *Id.* at 596. The court also found "the provision at issue is an appropriate contract exclusion . . . . It is reasonable to conclude that a commercial vehicle would command a higher insurance premium because it would likely accumulate more mileage and be used in circumstances more likely to result in accidents." *Id.* at 596-97. Implicit in this decision is the determination that this insurance exclusion did not contravene public policy. *Id.* at 594 (stating "any clause in an insurance policy is valid so long as

7

it is clear, unambiguous and not in contravention of public policy.") (citation omitted).

In *Husted*, the plaintiff set forth that the Michigan's no-fault act requires "portable residual liability coverage, *i.e.*, residual liability insurance to cover an insured's *operation* of *any* vehicle, even one that the insured's policy specifically excludes from coverage." 459 Mich. at 507 (emphasis in original). At issue in *Husted* was whether the no-fault act required an insurer to provide residual liability insurance coverage for vehicles operated by the insured but not listed in his policy. *Id*. at 506. The Michigan Supreme Court held that the "language of the no-fault act indicates that it does not require residual liability insurance to cover an insured's operation of any vehicle. In other words, such coverage is not mandatory under the no-fault act." *Id*. at 511-12. The court further held that

> the essential insurance act explicitly authorizes business-use exclusions. The essential insurance act was adopted by 1979 PA 145, effective January 1, 1980, while the no-fault act was adopted by 1972 PA 294, effective October 1, 1973. It is a well-noted principle of construction that a subsequently enacted specific statute is regarded as an exception to a prior general one, especially if they are *in pari materia*. This is the case here because the essential insurance act is clearly more specifically directed to the issue of a business exclusion than is the more general no-fault act.

*Id*. at 516 (internal citations omitted).

The Court recognizes the factual differences between *Husted* and the present action, as *Husted* involved an insured who was operating a vehicle not covered by his policy. However, the Michigan Supreme Court's analysis regarding the Essential Insurance Act and the No-Fault Act is straight-forward and applicable in the current action.

In *Amerisure*, the Michigan Court of Appeals upheld the business-use exclusion in a factually similar case. Nos. 243085, 243105, 2004 WL 953146 (Mich. Ct. App. May 4, 2004) (unpublished). The court held that where a man was driving a car to deliver pizza and was involved in an accident, his claim was rightfully denied under a business-use exclusion. *Id*. at *1. The court

8

further held the exclusion was not void under the No-Fault Act relying upon the interpretation of the no-fault act and the Essential Insurance Act set forth in *Husted*. *Id.* at *2. It is clear from the Essential Insurance Act, enacted after the No-Fault Act, that specific business exclusions are allowed pursuant to the no-fault act. *See MEEMIC v. Univ. Underwriters*, No. 259227, 2006 WL 1688280, *3 (Mich. Ct. App. Jun. 20, 2006) (unpublished) (stating "the no-fault act allows insurers to exclude primary residual liability in specific circumstances. . . . [a]n insurer may legally exclude residual liability if an insured's vehicle is used for 'commercial purposes.'")

In the present situation, the insured, Tzortzinis, was using his vehicle to deliver pizzas. The delivery of pizzas has been held by Michigan courts to constitute a business use. *See Graff*, 257 Mich. App. at 596. Tzortzinis anticipated being paid for this time, for the delivery itself and to collect tips from the delivery. Here, the business-use exception clearly applies as Legislature intended, where it allows insurers to specifically exclude residual liability when a vehicle is engaged in a commercial purpose.

Therefore, the Court finds that the insurance policy at issue does not violate Michigan public policy and is therefore valid.

## IV. CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiff's Motion for Summary Judgment.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2007

9

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 31, 2007.

                                                s/Denise Goodine
                                                Case Manager